{¶ 32} I agree with the majority's conclusion that R.C. 2929.191 is not applicable to appellant due to the date of his sentencing. However, given the amendment of R.C. 2929.19, I do not agree that the trial court's failure to comply with the dictates of State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085 is reversible error which requires resentencing.
 {¶ 33} The applicable version of R.C. 2929.19(B)(3)(c) states as follows:
 "If a court imposes a sentence including a prison term of a type described in division (B)(3)(c) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code." (Emphasis added.)
In so enacting this amendment, the legislature made clear that the trial court's failure to notify the defendant of his term of post-release control has no impact on the validity of that term of supervision. As such, I do not believe that under the current version of R.C.2929.19(B)(3)(c) that a defendant can demonstrate *Page 14 
prejudice from the trial court's failure to properly notify him of post-release control. With or without this notification by the trial court, a defendant is subject to a mandatory term of post-release control.
 {¶ 34} To the extent that appellant has challenged the constitutionality of R.C. 2929.19(B)(3)(c) urging that it violates the doctrine of separation of powers, I would find that any such challenge is premature. While the statute at issue permits the Adult Parole Authority to unilaterally implement post-release control, such implementation has not occurred in this case. Until the APA acts and imposes post-release control on appellant, no case or controversy exists. Therefore, I would not address appellant's constitutional challenge to R.C. 2929.19(B)(3)(c).
 {¶ 35} I agree with the remainder of the analysis performed by the majority. Accordingly, I would modify appellant's term of post-release control to three years and I would not remand the matter as I do not feel that further proceedings are necessary under the current state of the law. *Page 1